## Schneider Unemployment Compensation Case.

Yale & Towne Manufacturing Company, Appellant, v. Unemployment Compensation Board of Review.

428

Argued March 15, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

John F. E. Hippel, with him Frank E. Hahn, Jr., and Edmonds, Obermayer & Rebmann, for appellant.

Roland M. Morgan, with him William L. Hammond, Special Deputy Attorney General, and T. McKeen Chidsey, Attorney General, for appellee.

Robert Hachenburg and Samuel Polsky, for intervenors, appellees.

Opinion by Reno, J., November 9, 1948:

In these unemployment compensation cases a new contention has been advanced. Are non-striking employes who refuse to cross a picket line only temporarily disqualified for four weeks under §402(d), the clause relating to "voluntary suspension of work resulting from an industrial dispute", or may they be totally disqualified under §402(b) which deals with "voluntarily leaving work without good cause"? Unemployment Compensation Law, §402, as amended by the Act of April 23, 1942, P. L. 60, §4, and the Act of May 29, 1945, P. L. 1145, §9. (These appeals do not involve the amendatory Act of June 30, 1947, P. L. 1186, §2, 43 PS §802.) Unfortunately, the records in these 14 separate appeals do not, as we shall show, squarely present the question, and they will be remanded for further hearing and consideration.

The two sections do not mean the same thing, but they are not mutually exclusive. "Voluntary suspension of work" in §402(d) connotes a temporary cessation of

work, an ad interim interruption of service. "Voluntarily leaving work" in §402(b) imports a complete severance of the relation of employe and employer. Not every discontinuance of work during an industrial dispute is a "suspension", or is caused by the dispute. It may be a "leaving", as where an employe, not involved in the industrial dispute at his establishment, determines to quit his job and seek another. And if he voluntarily *leaves,* not *suspends,* his work because of the presence of a peaceful picket line, it might be held that he quit without good cause. Cf. *Loerlein Unemployment Compensation Case,* 162 Pa. Superior Ct. 216, 56 A. 2d 269.

The 14 claimants in these appeals were non-union supervisors in appellant's plant where the production workers struck. For a considerable period, the supervisors, pursuant to instructions, did not report for work but were nevertheless paid their usual wages. Upon returning to work at the appellant's request they encountered a picket line maintained by the production workers, a peaceful line which indulged in nothing more than jeering and name-calling. Of the 103 supervisors, 83 continued to cross the line and work. The 14 claimants ceased working and filed claims for compensation which, after intermediate proceedings not now important, were allowed by the board, payable under §402(d) after the waiting period of one week and a penalty period of four weeks.

Did claimants merely "suspend" or did they "voluntarily leave" their work. Upon this crucial point, squarely raised by appellant before the board, there is no finding, and virtually no evidence. One claimant, Marini, sought and obtained a "contract job" during the strike. Did he suspend his work, quit his job, or under *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254, take himself out of the labor market? Eventually he returned to appellant's employment but in another capacity. Did he resume work after a "suspension" or was he re-hired after a "leaving"? As to

the other claimants, the evidence does not clearly demonstrate whether or not they returned to appellant's plant. If not, was their cessation of work a suspension or a leaving? If they did return, did they resume their former status or were new contracts of employment made?

In this class of claims, the board has followed what seems to be a rule of thumb. It finds a group of employes unemployed during an industrial dispute and infers that the unemployment of each resulted from the dispute. But we have said that benefits are to be granted "not for all members of that class of workers, *only for those who are selected, one by one, out of that class,* and found to possess the necessary qualifications for compensation according to the legislative formula": *Brillhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 570, 49 A. 2d 260. (Italics added.) We appreciate the burden cast by that requirement upon the administrative agency, but as these appeals illustrate, it is vitally important that the clear distinction between a suspension and a leaving be maintained in adjudicating claims, even in those claims which arise during an industrial dispute.

The decisions are vacated, and the records are remitted to the board to take further testimony and formulate findings of fact upon the points raised by appellant before the board and this Court.