## Flynn Unemployment Compensation Case.

252

Argued March 22, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*George J. O'Neill,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., April 13, 1960:

Appellant's claim for unemployment compensation was rejected by the Bureau of Unemployment Compensation on May 15, 1959. A notice of the Bureau's action, having been mailed to her on the same day, was received by her in due course. The notice advised her of her ineligibility for compensation, the reason therefor, and her right to appeal within ten days or not later than May 25, 1959.

Although the appellant claims that through her counsel she initiated an appeal as early as July 1, 1959, she did not file an appeal until September 1, 1959.

The matter was thereupon referred to a referee for the limited purpose of determining whether the appeal had been filed within the ten-day period allowed by Section 501(e), Article 5 of the Unemployment Compensation Law, approved December 5, 1957, P. L. (1937) 2897, as amended (43 P.S. 821). The referee conducted a hearing and resolved the matter adversely to appellant by dismissing her appeal. His action was sustained by the Unemployment Compensation Board of Review and the appeal to this court followed.

In order to avoid the strict application of Section 501(e) aforesaid and to excuse her tardiness in filing her appeal, appellant testified before the referee that within the ten-day period allowed and before May 25, 1959, she called at the local office of the Bureau and discussed the matter of her claim and right of appeal with Mrs. Cassano, the interviewer for the Bureau, who had previously handled her claim; and she was advised by Mrs. Cassano that "she could not make an appeal" and that "she did not have a leg to stand on." Mrs. Cassano also testified before the referee and denied ever dissuading appellant or anyone else from taking an appeal and further testified, "We do not make decisions like that in the office, concerning cases." However, Mrs. Cassano did recall a visit by appellant and a conversation with her concerning her appeal but could not recall the details of that conversation.

The referee made no specific findings of fact on the issue of whether Mrs. Cassano misled appellant concerning her right of appeal; and he dismissed the appeal solely on the grounds that the formal appeal filed September 1, 1959, as well as the informal one initiated on August 14, 1959 (not July 1, 1959, as contended by appellant), were filed beyond the ten-day statutory pe-

riod. The difference in the dates for the initiation of the informal appeal would be immaterial since both were beyond the ten-day period.

Generally neither court nor administrative board has the power to extend statutorily fixed time limits for taking appeals in such cases. However, there are recognized exceptions. The time may be extended in cases of fraud or its equivalent. *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 119 A. 2d 558. In cases where a claimant is unintentionally misled by an official who is authorized to act in the premises, the time may also be extended when it is possible to relieve an innocent party of injury consequent on such misleading act. *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847; *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Superior Ct. 225, 40 A. 2d 125. Appellant seeks to bring herself within this second exception to the general rule. Although we may infer that the Board resolved the issue of deception adversely to appellant from the fact that her appeal was dismissed, we think the better practice is to have the referee and Board make specific findings on such a crucial and controversial point. Specific findings were made in *Tuttle Unemployment Compensation Case,* supra, and in the case of *Horton v. West Penn Power Co.,* 119 Pa. Superior Ct. 465, 180 A. 56. They were also recommended in *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801; and in *Schneider Unemployment Compensation Case,* 163 Pa. Superior Ct. 427, 62 A. 2d 99, the record was remanded for that purpose. Therefore, since no findings were made in the present case, the decision of the Board of Review dismissing appellant's appeal will be reversed and the record remanded to the Board for that purpose, viz., to make specific findings on the questions of whether Mrs. Cassano made any statements that misled appellant

concerning the filing of her appeal, whether Mrs. Cassano had the authority as an official to act in the premises, and whether the appellant was innocent in the situation.

The decision of the Board of Review is reversed and the record remanded to it with direction to proceed in a manner not inconsistent with this opinion, and for that purpose, to take further testimony, if necessary, to establish the findings of fact suggested herein.