Thomas C. Banks, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued December 6, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard A. Katz,* with him *Alan N. Linder,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 17, 1977:

This is an appeal by Thomas C. Banks (Banks) from an order of the Unemployment Compensation Board of Review (Board) dated November 19, 1975. The order dismisses Banks' appeal from a referee's decision denying him benefits. The basis for the dismissal was that the appeal was not filed within the mandatory 10-day period from the date of the referee's decision as provided under Section 502 of the Unemployment Compensation Law, Act of December 5, 1936,

Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822. We affirm.

The record reveals that Banks was discharged from his employment on December 19, 1975. His application for unemployment benefits was denied by the Bureau of Employment Security (Bureau) on February 26, 1975. Banks appealed timely from this decision and received a hearing before a referee, which resulted in an affirmance of the Bureau's denial of benefits. This decision by the referee was dated and mailed on April 21, 1975. Banks did not appeal from this decision until May 29, 1975, well beyond the prescribed statutory period of 10 days.[1]

As to this untimely appeal, the Board ordered a remand hearing on the question of timeliness to provide Banks the opportunity to explain why the limitation period should be extended. It should be noted that to succeed in receiving an extension of time in which to appeal, it is the claimant's burden to present

---

[1] It should be noted at this point that this writer has unsuccessfully objected to, as unconstitutional, those notice provisions which provide for the running of the appeal limitation time previous to receipt of notice. Here, Section 502 of the Unemployment Compensation Law, 43 P.S. §822, allows the 10-day·time limitation for appeal to commence on the date of the referee's decision, which, as applied, is the mailing date. There are other such statutes. Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.502(a), requires that an appeal be filed within 30 days of the entry of the order. *See, e.g., Purolator Courier Corp. v. P.U.C.*, 13 Pa. Commonwealth Ct. 444, 319 A.2d 688 (1974). Section 1006 of the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P.L. 333, 53 P.S. §11006, requiring that an appeal be filed within 30 days after notice of the decision is issued, has been construed to commence the time period on the date the order is mailed. *Zimmer v. Susquehanna County Planning Comm.*, 14 Pa. Commonwealth Ct. 435, 322 A.2d 420 (1974). The notice provision of the newly codified Vehicle Code, 75 Pa. C.S. §1550, effective July 1, 1977, makes the date of mailing the triggering event for the running of the appeal limitation period.

adequate excuse for his delay. *Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). The only adequate excuse in such instances, however, is fraud or its equivalent, *i.e.*, the wrongful or negligent conduct of the administrative authorities. *Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973).

In attempting to sustain his heavy burden, Banks, represented by counsel, offered testimony that he never received actual notice of the referee's decision and that his appeal was filed late as a result of being misled by the Bureau.

After considering Banks' testimony on the question of timeliness, the Board dismissed his appeal finding:

1. On April 21, 1975, the Referee issued a decision disqualifying the claimant from receiving benefits.

2. A copy of this decision was mailed to the claimant at his last known post office address on the same date, and the decision was not returned by the postal authorities for failure to make delivery.

3. The last day to file an appeal from this decision was May 1, 1975.

4. The claimant did not file an appeal from the Referee's decision until May 29, 1975.

5. The claimant was not misinformed or misled by the local office concerning his right to appeal.

Banks submits that the Board's decision is incorrect for the reasons that: (1) finding number 2 is not supported by substantial evidence, (2) finding number 5 is an error of law, and (3) providing for notice by means of regular mail does not adequately satisfy his due process rights. We cannot agree.

Banks points out that no one testified on behalf of the Board at the remand hearing, therefore there could not be any evidence in support of finding number 2. As previously stated, the burden was on Banks to present evidence of an adequate excuse. *Hart, supra.* This Court has stated that in such hearings the Board need not present any affirmative evidence. *Hart, supra* at 227, 348 A.2d at 498.

Banks' testimony on the issue of receipt of notice is equivocal at best.

Q. Uh, did you ever have any trouble receiving your mail?

A. Sometimes, see my mother she's up the state hospital now and she's old and when mail comes like that she put it somewhere and you never know where it's at. So it could have came and she might have got a hold of it, but I still never received it. . . .

This language indicates only that he failed to receive actual notice. It does not rule out the possibility that the letter in fact arrived at his home.

Furthermore, in support of the finding that the letter was sent to Banks' last known post office address, is the presumption of the regularity of the acts of public administrative officials. *Hart, supra* at 228, 348 A.2d at 499. The record supports this presumption by revealing the referee's decision stamped with the date of mailing.[2] In light of this, and the nature of the evidence presented by Banks in support of his contention that the letter of notice was never received, there is substantial evidence supporting the Board's finding.[3] The weighing of testimony is the function

---

[2] Record, item no. 7.

[3] The Board could well have found that the letter of notice had been received. Absent contrary evidence by the party with the burden of proof, once sent, the presumption is that the notice letter was received. *See Perri Unemployment Compensation Case,* 191 Pa. Superior Ct. 476, 478, 159 A.2d 67, 68 (1960).

of the Board. *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A.2d 129 (1972). The Board's finding is conclusive in the absence of fraud. *Gensheimer v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 62, 317 A.2d 350 (1974).

Banks next contends that finding number 9 is an error of law. He argues that the Bureau, by its employees, knew or should have known that the referee's adverse decision had been mailed on April 21, 1975. He argues that their failure to inform him of the decision for five weeks, while he continued to sign up for benefits, is sufficient to find that his untimely appeal was a result of his being misled by the Bureau. A careful reading of the case law on the issue of showing fraud or its equivalent reveals that this contention is without merit. *See Hart, supra; Sanabria v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974); *Kitchell v. Unemployment Compensation Board of Review, supra; Ferretti Unemployment Compensation Case,* 195 Pa. Superior Ct. 234, 171 A.2d 594 (1961). The Bureau in no way acted affirmatively to mislead Banks as to his appeal rights. In this instance, the Bureau's inaction also cannot be deemed to have misled Banks. There is no provision in the Unemployment Compensation Law[4] which thrusts the duty upon the Bureau of notifying claimants of adverse referee decisions.

The case which Banks cites, *Flynn v. Unemployment Compensation Board of Review,* 192 Pa. Superior Ct. 251, 159 A.2d 579 (1960), is distinguishable. The conduct at issue in that case involved affirmative action by a Bureau employee who told the claimant

---

[4] 43 P.S. §751 et seq.

"she could not make an appeal" and that "she did not have a leg to stand on." *Flynn,* 192 Pa. Superior Ct. at 251, 159 A.2d at 580. We conclude that the Board did not err.

Finally, Banks contends that providing for notification by means of regular mail does not satisfy due process requirements. He contends that such means do not adequately provide that notice will be received. The sending of notice by regular mail to his last known post office address is in full compliance with the provisions enacted by the Legislature for the giving of notice in such instances.[5] Taking into consideration the type of hearing and rights adjudicated, this is a reasonable means of providing for service of notice. When the State Legislature prescribes a reasonable method of service, it is due process as to persons resident herein and as to parties to lawsuits in our State courts. *Nixon v. Nixon,* 329 Pa. 256, 266, 198 A. 154, 160 (1938). We affirm.

ORDER

AND Now, this 17th day of March, 1977, the order of the Unemployment Compensation Board of Review, dated November 19, 1975, dismissing the appeal of Thomas C. Banks is affirmed.

---

[5] Section 502 of the Unemployment Compensation Law, 43 P.S. §822 and Section 34 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S.§1710.34.