609 A.2d 876

**FALCON OIL COMPANY, INC., Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided May 14, 1992.

---

Keith A. Hunter, for petitioner.

Daniel D. Dutcher, Asst. Counsel, for respondent.

Before COLINS and PALLADINO, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Falcon Oil Company (Falcon) appeals from an order of the Environmental Hearing Board (EHB) which denied Falcon's petition for appeal *nunc pro tunc*. Falcon argues that the evidence offered before the Board establishes a "non-negligent happenstance" excusing its untimely appeal. We affirm.

The undisputed facts of this case may be summarized as follows. On May 18, 1991, Falcon received a civil penalty assessment of $4,000.00 from the Department of Environmental Resources (DER) for knowingly filling an unregistered underground storage tank in violation of The Storage Tank and Spill Prevention Act. Act of July 6, 1989, P.L. 169, § 503(b), *as amended*, 35 P.S. § 6021.503(b). Falcon's counsel prepared a notice of appeal of the assessment by DER and instructed a secretary to file that notice of appeal with the Board (referring to the EHB) and insure that all necessary copies of the appeal were served. Falcon's counsel's secretary forwarded the original notice of appeal to the DER's Regional Office and also sent a copy to the DER Office of Chief Counsel in Harrisburg on May 29, 1991. The notice of appeal form states in bold print that it must be received by the EHB within 30 days of the petitioner's receipt of notice of action by the DER and also lists the correct address for the EHB. The certification of service which accompanies the notice of appeal indicates that a copy of the appeal must be served on the DER Office of Chief Counsel as well as the DER Regional Office which took the action being appealed. It is also undisputed that Falcon's counsel's secretary mistakenly believed that service on the two DER offices perfected the appeal.

On June 21, 1991, the assistant counsel for DER's Regional Office phoned Falcon's counsel to inquire why no docket number had been assigned the appeal by the EHB. Falcon's counsel contacted the EHB and was informed that the EHB had never received the notice of appeal. On June 24, 1991, the EHB received Falcon's petition for leave to appeal *nunc pro tunc*. The EHB denied that petition and this appeal followed.

 Our standard of review when examining a decision by the EHB is confined to an inquiry whether constitutional rights have been violated, an error of law has occurred, or necessary findings of fact are supported by substantial evidence.[1] *Pennsylvania Game Commission v. Department of Environmental Resources,* 521 Pa. 121, 555 A.2d 812 (1989) (citing 2 Pa.C.S. § 704). Whether unique and compelling factual circumstances establishing a non-negligent failure to file a timely appeal have been shown is a legal conclusion to be drawn from the evidence presented and is reviewable by this Court.

 The failure to timely appeal an administrative agency's action is a jurisdictional defect. *Pennsylvania Game Commission v. Department of Environmental Resources,* 97 Pa.Commonwealth Ct. 78, 509 A.2d 877 (1986), *affirmed,* 521 Pa. 121, 555 A.2d 812 (1989). "[T]he time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *Bass v. Commonwealth,* 485 Pa. 256, 259, 401 A.2d 1133, 1135 (1979). A *nunc pro tunc* appeal of an administrative action will be allowed only where there is a showing of fraud, breakdown in the administrative process or unique and compelling factual circumstances establishing a non-negligent failure to file a timely appeal. *Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 154, 525 A.2d 874 (1987).

 Reviewing the facts, it is clear that the EHB did not err in concluding that Falcon had failed to show the requisite unique and compelling circumstances establishing a non-negligent failure. Falcon cites *Bass* as presenting an analogous fact pattern where *nunc pro tunc* relief was allowed. We

1. The right to appeal *nunc pro tunc* from a final appealable order of a court, as distinguished from an administrative agency, is a question for the sound discretion of the court and, accordingly, is reviewed under an abuse of discretion standard. *See Perin v. Gochnauer,* 173 Pa.Superior Ct. 609, 98 A.2d 755 (1953) (the allowance of an appeal *nunc pro tunc* is remitted, in the first instance, to the sound discretion of the trial court); *Rouse Appeal,* 48 Pa.Commonwealth Ct. 588, 410 A.2d 919 (1980) (court of common pleas decision refusing appeal *nunc pro tunc* affirmed because no abuse of discretion demonstrated).

disagree. In *Bass* our Supreme Court allowed an appeal *nunc pro tunc* where an untimely appeal occurred due to a secretary's illness which vitiated a double check procedure in the office of appellant's counsel. *Bass*, 485 Pa. at 258–60, 401 A.2d at 1134–36. There was no evidence of illness or a double check procedure presented here.

■ Falcon also points to *Flynn v. Unemployment Compensation Board of Review*, 192 Pa.Superior Ct. 251, 159 A.2d 579 (1960), to support its argument. In *Flynn*, an administrative official told the claimant "she could not make an appeal" because "she did not have a leg to stand on". *Flynn*, 192 Pa.Superior Ct. at 253, 159 A.2d at 580. The Superior Court allowed the appeal *nunc pro tunc* because the claimant had been "unintentionally misled by an official who is authorized to act in the premises". *Id.*, 192 Pa.Superior Ct. at 254, 159 A.2d at 581. Falcon claims that DER's failure to inquire as to the lack of a docket number before the expiration of the appeal period was likewise misleading. Again, we disagree.[2] Falcon was required to serve a copy of a notice of appeal on the DER Office of Chief Counsel and Regional Office. DER was entitled to believe that all it had received was the required notice; it had no obligation to ascertain whether Falcon had appropriately filed the notice of appeal with the EHB. Moreover, the DER is Falcon's adversary in this matter. It would be incongruous for us to require that a party's adversary determine whether or not an appeal has been perfected. DER made no affirmative statement to Falcon indicating either that the appeal had been filed, or that no appeal was possible, or that an appeal would be fruitless; thus *Flynn* is distinguishable.

2. We note that *Flynn* was decided nineteen years before our Supreme Court announced in *Bass* the non-negligent happenstance basis for allowing a *nunc pro tunc* appeal. Thus it would appear that the *nunc pro tunc* appeal allowed in *Flynn* must have been granted due to either fraud or a breakdown in the administrative process as those were the only two recognized grounds for such relief at the time. Any argument based on *Flynn* could thus be deemed waived because Falcon has not alleged either fraud or an administrative process breakdown. DER, however, has not raised the waiver issue and we will address this argument.

■ Alternatively, Falcon argues that *Suburban Cable TV Co., Inc. v. Commonwealth,* 131 Pa.Commonwealth Ct. 368, 570 A.2d 601 (1990), *affirmed,* 527 Pa. 364, 591 A.2d 1054 (1991), indicates that this untimely appeal should be allowed. This case is also distinguishable. The defective appeal in *Suburban Cable* resulted from a filing with the wrong tribunal: the Board of Appeals of the Department of Revenue rather than the Board of Finance and Revenue. This Court held that the Judicial Code, 42 Pa.C.S. § 5103, required that such improperly filed appeals be transferred to the appropriate tribunal and treated as if filed on the date filed with the erroneous tribunal. *Suburban Cable,* 131 Pa.Commonwealth Ct. at 388, 570 A.2d at 611. Because the filing with the Board of Appeals occurred before expiration of the appeal period, the transfer was ordered and the appeal allowed. Neither the DER Office of Chief Counsel nor the DER Regional Office is a tribunal or court subject to 42 Pa.C.S. § 5103. Thus, *Suburban Cable* does not support Falcon's argument.

The case closest to the facts at hand is *Borough of Bellefonte v. Department of Environmental Resources,* 131 Pa.Commonwealth Ct. 312, 570 A.2d 129, *petition for allowance of appeal denied,* 525 Pa. 620, 577 A.2d 891 (1990). There a secretary, suffering from emotional and mental distress, forgot to mail the notice of appeal to the EHB when serving the other parties. *Id.,* 131 Pa.Commonwealth Ct. at 315, 570 A.2d at 131. This Court rejected the argument that emotional distress excused negligent performance. The key to establishing the basis for a *Bass* type nunc pro tunc appeal is not showing an excuse for negligence, but rather showing that the untimely appeal is not attributable to negligence. *Bass,* 485 Pa. at 259, 401 A.2d at 1135 (negligence of appellant's counsel's agent is not sufficient excuse, but where secretary's illness caused breakdown in double check system, *nunc pro tunc* appeal allowed). *See also Perry v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car caused delay, appeal allowed); *Tony Grande, Inc. v. Workmen's Compensation Board of Review,* 71 Pa.Common-

wealth Ct. 566, 455 A.2d 299 (1983) (emergency hospitalization of counsel led to delay, appeal allowed).

Falcon encourages us to recognize "that in todays (sic) hectic, fast-paced practice of law, there is an increased need to rely on personnel such as secretaries, paralegals, etc." and that "an attorney cannot be charged with double-checking every zip code, address, name spelling and all the other circumstances used in preparation and filing an appeal." (Petitioners Brief, p. 10.) In response we need only note that *Bass* only allows *nunc pro tunc* appeals where the failure to timely file is non-negligent in nature. Falcon has offered no evidence that any administrative oversight system to detect such errors was in use at the time in question. Reliance on staff cannot rise to the level of blind faith. A failure of "administrative oversight or negligence occurring in the office of appellant's lawyer is not cause for allowing a late appeal." *Tony Grande, Inc.*, 71 Pa.Commonwealth Ct. at 568, 455 A.2d at 300 (footnote omitted).

█ Finally, Falcon argues that our appellate courts have adopted a standard of "manifest intent to perfect an appeal" when determining whether or not an appeal has been timely filed. (Petitioner's Brief, p. 10, citing Pa.R.A.P. 1514(a)). Again, we must disagree. Timeliness of an appeal is a jurisdictional matter. *Pennsylvania Game Commission*, 97 Pa.Commonwealth Ct. at 94, 509 A.2d at 886. Contrary to Falcon's argument, Rule 1514(a) does not allow acceptance of an untimely appeal if the petitioner has demonstrated a manifest intent to appeal. The rule only provides an alternative method of proving a timely filing with the prothonotary: first class mail with Postal Service certification of the date mailed. Moreover, accepting *arguendo* Falcon's interpretation, the argument fails on two bases. No argument is made, or could be made, that the EHB is subject to the Rules of Appellate Procedure. By statute, DER action is final unless an appeal is perfected in accordance with the regulations of the EHB. Act of July 13, 1988, P.L. 530, § 4(c), *as amended*, 35 P.S. § 7514(c). Pa.R.A.P. 1514(a) is not an EHB regulation and is no authority for allowing the relief Falcon seeks here. Even

more telling, Falcon has offered no evidence of compliance with Rule 1514(a).

Affirmed.

## ORDER

NOW, May 14, 1992, the order of the Environmental Hearing Board, dated August 28, 1991, at No. 91–249–B, is affirmed.