# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Downingtown Area School District　:
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　: No. 1461 C.D. 2016
　　　　　　　　　　　　　　　　: No. 1462 C.D. 2016
Chester County Board　　　　　　:
of Assessment Appeals　　　　　　:
　　　　　　　　　　　　　　　　:
Appeal of: Marchwood Associates　: ARGUED: May 1, 2017


BEFORE:　HONORABLE P. KEVIN BROBSON, Judge
　　　　　HONORABLE JULIA K. HEARTHWAY, Judge
　　　　　HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY　　　　　　　FILED: July 7, 2017


　　　　Marchwood Associates (Marchwood) appeals from four orders of the Court of Common Pleas of Chester County (trial court). Two of the orders, dated June 1, 2016, set fair market values (FMV) for property owned by Marchwood located at 128 Surrey Way and 608 Cadwalader in Uwchlan Township (collectively, Property) for the tax years 2013 through 2016. Two other orders, dated August 9, 2016, granted the Downingtown Area School District's (School District) motions to strike Marchwood's post-trial motions and the responses thereto. We quash Marchwood's appeal from the June 1, 2016 orders and affirm the trial court's orders of August 9, 2016.

In June 2012, the School District retained a property tax consulting service firm, Keystone Realty Advisors, LLC (Keystone), to review the market values and assessments of properties in the School District. Keystone was hired to identify potentially under-assessed properties on which the School District could file tax assessment appeals. Keystone provided the School District with a report that identified 23 non-residential properties in the School District that appeared to be under-assessed.

On July 30, 2012, the School District filed 23 assessment appeals to the Chester County Board of Assessment Appeals (Assessment Board), including assessment appeals of the Property. The Property consists of two adjacent parcels that are improved with a 504-unit apartment complex, totaling 43.6 acres. The Property was assessed pursuant to a county-wide assessment in 1996-97 at $19,385,200. On October 17, 2012, the Assessment Board issued two decisions indicating no change in the assessment. The School District appealed to the trial court.

On February 4, 2013, Marchwood sought to intervene and asserted new matter, alleging that under the equal protection clause of the United States Constitution and the uniformity clause of the Pennsylvania Constitution, the School District's assessment appeal was an unconstitutional spot assessment, and discriminated against Marchwood as a commercial property owner. The School District did not file an answer to the new matter. Marchwood filed a petition to require the School District to answer. On March 13, 2013, the trial court issued a rule on Marchwood's petition, directing that "[t]he petition shall be decided under

Pa. R.C.P. No. 206.7." On August 29, 2013, Marchwood filed a motion under Chester County Local Rule 5003(c)(6) for leave to conduct additional discovery. The trial court granted the motion instructing Marchwood to conduct the discovery in accordance with the Pennsylvania Rules of Civil Procedure (Rules). The trial court noted that "[a]lthough not made specifically applicable to real estate tax assessment appeals, the [Rules] provide a logical framework to conduct discovery and, moreover, [are] well known to practitioners." (Trial Court Order, 10/31/13, at 2 n.1.)

Thereafter, the parties and the trial court used the Rules as a guide for pleadings, discovery and scheduling. Marchwood moved for a letter rogatory to obtain testimony from the School District's assessment appeal consultant. The School District opposed the motion, relying upon Pa. R.C.P. No. 4003.5(a)(3). The trial court granted Marchwood's motion. The School District filed a motion to quash and for protective orders under Pa. R.C.P. Nos. 234.4 and 4012. The trial court denied these motions. On June 23, 2014, the trial court entered a scheduling order setting various deadlines consistent with the Rules.

On August 15, 2014, Marchwood filed an uncontested motion to modify the scheduling order, seeking to extend certain deadlines. The trial court granted the motion. On September 19, 2014, Marchwood filed an additional uncontested motion to modify the scheduling order, again seeking to extend case deadlines, including for dispositive motions. The scheduling order was amended a third time, as stipulated to by the Assessment Board and the parties. At no time did the School District argue that utilization of the Rules was improper.

3

On July 29, 2015, Marchwood moved for summary judgment, arguing that the School District's tax assessment appeal policy violated Pennsylvania's uniformity clause. The School District moved to strike Marchwood's summary judgment motion, asserting that motions for summary judgment are not permitted in tax assessment appeals where the Rules do not apply.

On May 31, 2016, the trial court held a hearing. Prior to the proceedings, the trial court denied Marchwood's motion for summary judgment as moot by the commencement of the trial. The trial court did not rule upon the School District's motion to strike the summary judgment motion. At trial, Marchwood presented evidence regarding the FMV of the Property and in support of its assertion that the School District's tax assessment policy and practices violated the uniformity and equal protection clauses.[1] Marchwood presented expert testimony that the FMV of the Property for 2013 was $50,000,000; and was $59,000,000 for 2016. No testimony was elicited for the tax years 2014 and 2015. The School District presented testimony that the FMV should be $54,700,000 for 2013; $52,270,000 for 2014; $55,940,000 for 2015; and $59,130,000 for 2016. Thus, both experts testified that the Property was under-assessed.

---

[1] Marchwood submitted a stipulation between the parties to establish the facts regarding the uniformity challenge. The parties stipulated that prior to August 8, 2012, the School District had an unwritten policy to only appeal tax assessments that may result in an additional yearly tax revenue of $10,000 or more; on August 8, 2012, the School District passed a written policy to that effect; on July 11, 2012, the School District voted to authorize the appeal of the 25 properties, none of which were single-family homes, townhouses, or condominiums; on July 17, 2013, the School District authorized the appeal of four more similarly-typed properties; the School District hired Keystone; and Keystone received no direction from the School District to limit property type.

4

The trial court issued two decisions on June 1, 2016. Applying the common level ratio (a multiplier used to convert FMV into a scale used for assessed value) to the School District's FMVs, the trial court determined the assessed values to be $32,273,000 for 2013; $31,466,540 for 2014; $32,277,380 for 2015; and $32,758,020 for 2016. However, the trial court's decisions did not address Marchwood's uniformity or equal protection arguments.

On June 10, 2016, Marchwood filed post-trial motions pursuant to Pa. R.C.P. Nos. 227.1 and 227.2, arguing that it had proven that the School District's assessment appeal policy violated the uniformity clause. On July 1, 2016, 31 days after the trial court's decisions were issued, the School District filed motions to strike Marchwood's post-trial motions, contending that they were procedurally improper because the Rules do not apply in tax assessment appeals and post-trial motions are only permitted in such appeals when specifically permitted by local rule or when a trial court invites a party to file them and here, the local rules do not permit the filing of post-trial motions and the trial court did not invite the filing of post-trial motions. By orders dated August 9, 2016, the trial court granted the School District's motions.

On August 26, 2016, Marchwood appealed the trial court's orders of June 1, and August 9, 2016, to this Court. The trial court directed Marchwood to file a concise statement of errors complained of on appeal. Marchwood did so, raising five issues regarding violations of the uniformity and equal protection clauses, along with its contention that the trial court erred by repeatedly entering

5

orders pursuant to the Rules and then holding that the Rules were inapplicable to assessment appeals.

The trial court determined that Marchwood failed to file its appeals from the June 1, 2016 orders on or prior to July 1, 2016. The trial court stated that its June 1, 2016 orders were final. Thus, the trial court determined that Marchwood's appeals from the June 1, 2016 orders were untimely and no issues were preserved for appeal to this Court. The trial court further determined that it did not err in its orders of August 9, 2016, striking Marchwood's post-trial motions. The trial court stated that it did not invite the filing of post-trial motions or rule on the merits of those motions.

Our review in a tax assessment appeal is limited to a determination of whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by substantial evidence. *Westinghouse Electric Corporation v. Board of Property Assessment, Appeals and Review of Allegheny County*, 652 A.2d 1306, 1309 (Pa. 1995). Questions of law are subject to *de novo* review and this Court's scope of review is plenary. *In Re: Appeal of P-Ville Associates*, 87 A.3d 898, 901 n.5 (Pa. Cmwlth. 2014).

Initially, Marchwood argues that the trial court erred in determining that its appeals to this Court from the trial court's June 1, 2016 orders, is untimely. Specifically, Marchwood states that although the trial court did not explicitly invite the filing of post-trial motions, it did so implicitly by using the Rules during the

pendency of the litigation.[2] Marchwood contends that the trial court's actions over a period of years effectively invited Marchwood to file the post-trial motions. The trial court applied the Rules repeatedly throughout the litigation in pretrial motions, discovery, and dispositive motions, and should not have changed course at the end of the case in a manner that greatly prejudiced Marchwood's right to have its appeals decided on the merits. Marchwood asserts that because the first judge in this matter made the Rules applicable, the second judge should have made it clear that he no longer wished to apply the Rules to this matter and, because he did not, Marchwood could only assume that the Rules continued to apply.

Pursuant to *In re Appeal of the Borough of Churchill*, 575 A.2d 550, 554 (Pa. 1990), the Rules are inapplicable to statutory appeals; however, "each trial court has been vested with the full authority of the court to make rules of practice for the proper disposition of cases before them." Permitting or refusing to accept exceptions or post-trial relief is within the trial court's discretion. *Id.*[3]

"[I]n statutory appeals, where both the [Rules] and local rules are silent as to the right to file post-trial motions, none may be filed unless the court explicitly directs otherwise." *Shapiro v. Center Township, Butler County*, 632

---

[2] We note that two different judges handled this case. The first judge presided over the pleading stage, discovery, motions practice, and case management orders. The second judge took over the case on March 26, 2015, prior to Marchwood filing its motion for summary judgment, which the School District objected to because the Rules don't apply. The trial court found the motion moot at the start of the trial.

[3] In *Churchill*, the trial court invited the parties to file exceptions, accepted them, disposed of them, and then issued its final order. *Id.* at 555. Our Supreme Court therefore determined that this Courts' *sua sponte* dismissal of the appeal as untimely was in error. *Id.*

A.2d 994, 999 (Pa. Cmwlth. 1993) (*referencing Eachus v. Chester County Tax Claim Bureau*, 612 A.2d 586, 587 (Pa. Cmwlth. 1992) (determining that the trial court "may invite post-trial motions or exceptions if done so explicitly and clearly")). Thus, a party must not assume that the trial court *implicitly* invited post-trial motions in a statutory appeal, but must be directed *explicitly* to file post-trial motions. *See Churchill; Shapiro*; and *Eachus*.

Here, the trial court did not explicitly invite post-trial motions, nor did it schedule argument on them. Thus, the trial court did not err in granting the School District's motion to strike Marchwood's post-trial motions and, thereafter, in determining that any appeal of the June 1, 2016 orders was untimely and thus, no issues were preserved for appeal to this Court.

Next, Marchwood argues that if its appeal of the June 1, 2016 orders was untimely, we should allow Marchwood's appeal to proceed *nunc pro tunc* because the trial court consistently applied the Rules throughout the litigation, accepted Marchwood's filing of the post-trial motions, and did not strike the motions until three weeks after they were filed.[4] Thus, Marchwood was unfairly prejudiced. Marchwood states that, much like in *Churchill*, the School District used its motion to strike, which was filed one day after Marchwood could have timely appealed, as a weapon to impale an innocent member of the bar and prevent Marchwood from obtaining appellate review. Marchwood asserts that this is a breakdown in the trial court's operations in that the trial court inconsistently

---

[4] *Nunc pro tunc* appeals may be directed to either the trial court or the appellate court. *Pa. Appellate Practice*, § 105:13 (2016-17 Ed). Therefore, we may entertain this issue.

8

applied the Rules  Further, because its filing of the post-trial motions was non-negligent, it would be inequitable and unfairly prejudicial not to exercise this Court's equitable power to hear Marchwood's appeal *nunc pro tunc*.

An appeal *nunc pro tunc* is an exception to the general rule prohibiting the extension of an appeal deadline.  *Union Electric Corp. v. Board of Property Assessment*, 746 A.2d 581, 584 (Pa. 2000).  This Court can grant an appeal *nunc pro tunc* upon a showing of extraordinary circumstances involving "fraud or a breakdown in the court's operations through a default of its officers." *Id.*

This Court has determined the type of conduct that constitutes a breakdown in the court's operations. *See Connor v. Westmoreland County Board of Assessment Appeal*, 598 A.2d 610 (Pa. Cmwlth. 1991) (finding that the Board was negligent where it mailed a tax assessment notice to the wrong address and the taxpayer did not receive the notice and was therefore denied the opportunity to appeal); *Western Pennsylvania Water Company v. Board of Property Assessment, Appeals and Review*, 555 A.2d 1357 (Pa. Cmwlth. 1989) (granting appeal *nunc pro tunc* where the Board failed to strike tax liens that were ruled null and void by the court); *Moore v. Pennsylvania, Board of Probation and Parole*, 503 A.2d 1099 (Pa. Cmwlth. 1986) (finding that the misdirection of a recommitment decision amounted to negligence because inmate did not receive the Board's decision); *Flynn v. Unemployment Compensation Board of Review*, 159 A.2d 579, 581 (Pa. Super. 1960) (granting appeal *nunc pro tunc* where an innocent party was misled by an official).  Thus, a breakdown in the court's operations occurs when an

9

administrative board or body acts negligently or improperly, or when its actions mislead an innocent party. *Id.*

Here, Marchwood failed to show extraordinary circumstances involving fraud or a breakdown in the court's operations through an officer's negligent or improper acts. Further, Marchwood's attorney is not an innocent party who was misled. Rather, he merely made an inaccurate assumption. Thus, Marchwood has failed to prove that *nunc pro tunc* relief is warranted.

Accordingly, we must quash Marchwood's appeal from the trial court's June 1, 2016 orders, and affirm the trial court's orders of August 9, 2016.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Downingtown Area School District :
:
v. : No. 1461 C.D. 2016
: No. 1462 C.D. 2016
Chester County Board :
of Assessment Appeals :
:
Appeal of: Marchwood Associates :


O R D E R


AND NOW, this 7th day of July, 2017, we hereby quash Marchwood Associates appeal of the June 1, 2016 orders, and affirm the August 9, 2016 orders of the Chester County Court of Common Pleas in the above-captioned matter.


_____
JULIA K. HEARTHWAY, Judge