IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles Zimmerman, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1287 C.D. 2024 |
| | : | |
| Unemployment Compensation | : | Submitted: December 8, 2025 |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE STACY WALLACE, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: January 13, 2026


Charles Zimmerman (Claimant), acting *pro se*, petitions for review of the September 3, 2024 order of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's decision dismissing as untimely Claimant's appeal of the denial of his request for unemployment compensation (UC) benefits per Section 501(e) of the Pennsylvania Unemployment Compensation Law.[1]  After review, we affirm.

## I.    **FACTUAL AND PROCEDURAL HISTORY**

Claimant applied for UC benefits on January 16, 2024.  (Certified Record (C.R.) at 16.)  In a determination letter dated February 26, 2024, the Department of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Pursuant to Section 501(e), a claimant has 21 days from the listed determination date to file his appeal.

Labor and Industry (Department) denied Claimant UC benefits citing a disqualifying separation from his employer, Pilot Travel Centers, LLC (Employer). (C.R. at 61.) The determination letter explained that Claimant had 21 days from the determination date of February 26, 2024, to file his appeal which had to be received or postmarked by March 18, 2024. (C.R. at 061.) The determination letter provided Claimant with appeal instructions, advising him that he could appeal using any one of the following methods: (1) by appealing online on the Department Electronic Unemployment System; (2) by completing the Petition for Appeal form included with the determination and mailing, faxing or emailing the petition for appeal to the Department; (3) by mailing, faxing or emailing an appeal letter to the Department or (4) filing in-person at a CareerLink office. (C.R. at 62.)

Claimant appealed in person at the Chambersburg CareerLink office on April 10, 2024, which was **23 days** past the March 18, 2024 deadline. (C.R. at 79.) A hearing was conducted by a Referee on August 6, 2024, to consider the circumstances of Claimant's separation from Employer and whether his appeal was timely. (C.R. at 94-95.) The only testimony pertinent to this appeal relates to the timeliness of Claimant's appeal. In this regard, Claimant confirmed that he received the Department's determination online through his UC portal. (C.R. at 123.) Claimant explained that he attempted to appeal the February 26 determination before the March 18 deadline, but he encountered a server issue that locked him out of his UC portal. (C.R. at 123.) He testified that, after contacting the UC Service Center by telephone, a representative unlocked his account and told him to go to a CareerLink office, which Claimant confirmed that he did. (C.R. at 123-24.) When asked why he did not attempt to appeal by the alternative methods, Claimant recounted that in a prior UC appeal his appeal was "lost" at the UC Service Center in Erie. (C.R. at 124.) Claimant testified

2

that his driver's license was suspended around that time, so he caught a ride with a family member to the Chambersburg CareerLink office who was traveling to the area on April 10, 2024. (C.R. at 124.)

On August 8, 2024, the Referee dismissed Claimant's appeal as untimely and noted that Claimant did not establish the necessary facts to show a qualifying justification for the late appeal. (C.R. at 129-30.) The Referee found that on February 26, 2024, the UC Service Center issued a disqualifying determination finding the Claimant ineligible under Section 402(e) of Unemployment Compensation Law.[2] The determination was sent to the Claimant's preferred method of communication, his email address of record, and was not returned as undeliverable. The last date to file a timely appeal to the determination was March 18, 2024. The Claimant did not file an appeal on or before March 18, 2024. (C.R. at 130.) The Referee concluded that Claimant failed to demonstrate that he was "misled or misinformed" or "prevented from filing a timely appeal due to fraud or a breakdown in the administrative process." *Id.*

Claimant appealed the Referee's decision to the Board. Before the Board, he argued that his late appeal should be excused because of the server error and because he was misled by a UC representative who told him that he would be allowed to file a late appeal due to the server issue.

After reviewing the record, the Board "adopt[ed] and incorporate[d] the Referee's conclusions and findings of fact" and affirmed the dismissal of Claimant's appeal as untimely. (Board's Order, 9/3/2024, at 1-2.) In its order, the Board recounted the operative dates of the determination, the deadline to appeal, and when Claimant

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (providing that an employee shall be ineligible for compensation when his separation from employment is due to willful misconduct connected with his work).

3

ultimately appealed. (Board's Order, 9/3/2024, at 2.) Pertinent here, the Board also found:

> [C]laimant testified that he received the notice of determination within the appeal period but that he then had difficulty submitting his appeal online through his portal. [C]laimant did not attempt to file an appeal via any other appeal method prior to the appeal deadline. [C]laimant has provided no evidence that his late appeal was caused by fraud, administrative breakdown, or non-negligent conduct.

(Board Order, 9/3/2024, at 2.) Claimant now petitions this Court for review.[3]

Claimant raises two issues: (1) "whether [he] is eligible for benefits," and (2) "whether [he] was [un]able to appeal in time due to an administrative issue on the PA [u]nemployment system." (Claimant's Brief at 4.) Claimant argues that the cause of his untimely appeal was due to "a server error while attempting to file the appeal online." *Id.* at 7. He asserts that he "followed the guidance provided by the UC [S]ervice [C]enter, which indicated that a late appeal would be accepted under the circumstances." *Id.* He further contends that he was unable to appeal in person at a UC Service Center due to a lack of transportation. *Id.*

In response, the Board argues that Claimant failed to establish the criteria for *nunc pro tunc* relief.[4] *Id.* at 5. It maintains that the circumstances that Claimant

---

[3] This Court's "review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence." *Logan v. Unemployment Compensation Board of Review*, 334 A.3d 91, 94 n.3 (Pa. Cmwlth. 2025). "Substantial evidence" is "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Hope v. Unemployment Compensation Board of Review*, 308 A.3d 944, 947 (Pa. Cmwlth. 2024) (citation omitted).

[4] *Nunc pro tunc* is Latin for "now for then." *Nunc Pro Tunc*, *Black's Law Dictionary* (12th ed. 2024). It refers to the inherent power of a court to retroactively give legal effect to an issue that presently lacks such effect. *Id.* For a relevant example, a court would utilize *nunc pro tunc* relief to
**(Footnote continued on next page…)**

4

relies upon, namely the server error and lack of transportation to a CareerLink office, are insufficient to demonstrate fraud, administrative breakdown, or non-negligent conduct outside of Claimant's control. (Board's Brief at 6-10.) The Board argues that Claimant knew and could have attempted to file his appeal through the other methods but he did not. *Id.* at 9-10. The Board argues that its dismissal of Claimant's untimely appeal should, therefore, be affirmed. *Id.* at 10.

## II.  ANALYSIS

At the outset, we note that while Claimant raises two issues, *i.e.*, his eligibility for benefits and the timeliness of his appeal, the argument section of his brief only addresses the latter. Issues not developed or argued in the brief are waived. *Tewell v. Unemployment Compensation Board of Review*, 279 A.3d 644, 654 (Pa. Cmwlth. 2022) (citing Pa.R.A.P. 2119(a)). Further, his Petition for Review only lists the Board's order addressing the issue of Claimant's timeliness with his appeal. (Petition for Review at 1.) Therefore, we are constrained to limit our review to the timeliness issue.

When a claimant disagrees with the determination made by the Department, he has 21 days from the listed determination date to file his appeal. 43 P.S. § 821(e). The claimant may transmit his appeal using any one of the following methods: by United States mail, common carrier, fax, email, online via the Pennsylvania UC Claims System, and in-person at a workforce investment office or the Board. 34 Pa. Code § 101.82(b). This information is provided to the claimant in the determination letter. *See, e.g.*, C.R. at 62, 64.

When the deadline to appeal a determination expires, then that determination is final and removes from the Board the jurisdiction to hear appeals.

---

reach back in time to treat a presently untimely (and legally ineffective) appeal as if it was timely (and legally effectively) made. *See, e.g.*, *Harris v. Unemployment Compensation Board of Review*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021).

*Logan*, 334 A.3d at 94. An untimely appeal beyond the "mandatory deadline [also] creates a jurisdictional defect this Court cannot overlook even 'as a matter of grace or indulgence.'" *Id.* at 94 (citing *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018)).

However, *nunc pro tunc* relief may be awarded if the claimant demonstrates that qualifying facts exist. *Walthour v. Unemployment Compensation Board of Review*, 276 A.3d 837, 842 (Pa. Cmwlth. 2022). These include: (1) that the agency "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or (2) that "'non-negligent conduct beyond [the claimant's] control caused the delay' in filing the appeal." *Id.* at 842 (quoting *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)). It is the claimant's "heavy burden to justify an untimely appeal" and his failure to do so "mandates dismissal of the appeal." *Id.* at 842-43 (quoting *Hessou*, 942 A.2d at 198).

Here, Claimant's appeal from the Department's determination was facially untimely because it was filed on April 10, 2024, which was 23 days past the March 18, 2024 deadline listed in the determination letter. In order for us to allow a late appeal, the Claimant must satisfy the aforementioned criteria to warrant *nunc pro tunc* relief. To reiterate, Claimant offers three reasons why his appeal should be considered *nunc pro tunc*: (1) a "server error" prevented him from timely appealing; (2) he was allegedly misled by a UC Service Center representative who told him that an untimely appeal would be accepted; and (3) he lacked transportation to a CareerLink office to appeal in person. Claimant's Brief at 7. We will address each argument in turn.

6

**A. Whether a server error on the UC portal hindering an appeal online warrants *nunc pro tunc* relief.**

Although it is not entirely clear from Claimant's Brief, the Court construes Claimant's argument as relying upon the second criterion for *nunc pro tunc* relief (non-negligent conduct outside his control as the cause of his untimely filing) and not upon the first criterion (fraud or wrongful or negligent conduct by the agency). *See* Claimant's Brief at 7 ("This technical issue was beyond [Claimant]'s control and prevented timely filing.").

In *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996), our state Supreme Court articulated the non-negligent criterion:

> [W]here an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal [*nunc pro tunc*].

This criterion is conditioned on the duty that the claimant reasonably and diligently acts on his appeal. *Harris*, 247 A.3d at 1232 ("Accordingly, a claimant must proceed with reasonable diligence *once he learns of the necessity to act*.")(emphasis in original).

In *Spotti v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1570 C.D. 2023, filed Sept. 19, 2025),[5] the claimant was denied Pandemic Unemployment Assistance and was informed that January 19, 2022, was the last day to appeal the determination. Slip op. at *1. The determination informed the claimant of the various methods of appealing the determination. *Id.* However, the claimant

---

[5] "'[N]on-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008" that "may be cited for [its] persuasive value." Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code. § 414(a).

7

only relied upon appealing online where she encountered technical difficulties and missed the deadline. *Id.* She later got in touch with a UC representative in January 2022 and August 2022 where she was informed of the alternative methods to appeal. *Id.* However, the claimant did not ultimately file until September 2022—almost nine months after the deadline – and did so via fax. *Id.* The referee dismissed the claimant's appeal as untimely and found that while the claimant credibly testified to the technical difficulty experienced while appealing online, such testimony was insufficient to meet the justifications for *nunc pro tunc* relief. *Id.* at \*2. In particular, the referee cited the alternative methods of appealing the determination and the almost nine-month delay between the deadline to appeal and the ultimate appeal by the claimant. *Id.* The Board affirmed the referee's decision, and this Court likewise affirmed the Board's decision. *Id.* at \*2-3.

In *Spotti*, this Court rejected the claimant's argument that her untimely appeal was caused by non-negligent conduct. *Id.* at \*3. Instead, we explained that the claimant was informed of the different methods to appeal in her determination notice but that she had "overlooked these instructions." *Id.* Further, this Court, while entertaining in *dicta* that the technical difficulty was non-negligent, still held that *nunc pro tunc* relief was unavailable due to the claimant's failure to act promptly knowing that the deadline had passed and that her initial appeal was unsuccessfully filed. *Id.*

While this case is not controlling, it is persuasive in its application of a claimant's duty to reasonably and diligently act on his appeal despite a technical issue. Further, we have applied this principle to deny *nunc pro tunc* relief in more unique situations.

In *Dull v. Unemployment Compensation Board of Review*, 955 A.2d 1077, 1078-79 (Pa. Cmwlth. 2008), the claimant filed an untimely appeal from the referee's

8

decision to the Board and argued that her *nunc pro tunc* relief was warranted because there was an administrative breakdown in failing to "make provision for mental deficiency or illiteracy." However, this Court rejected that argument and noted that the claimant failed to act diligently and reasonably by "exercise[ing] no diligence at all, . . . not communicat[ing] with the [UC Service Center] regarding her difficulties, and fail[ing] to conduct her affairs in a reasonable manner by having someone open and read her mail." *Id.* at 1080. Ultimately, these efforts were within the control of the claimant, but she failed to utilize them. *Id.*

In this case, the Board concluded that the server error was not evidence of non-negligent conduct that caused Claimant to file his appeal past the deadline. (Board's Order, 9/3/2024, at 2.) Claimant received the determination notice, which contained all the methods of appealing the determination, within the appeal period. *See id.* at 2. Claimant was unsuccessful in appealing online through his portal but did not attempt any of the other available appeal methods "prior to the appeal deadline." *Id.* at 2. The Board's decision is supported by substantial evidence that Claimant did not reasonably and diligently act on his appeal when he failed to utilize the alternative appeal methods upon learning that his online appeal was not transmitted.

Therefore, the Board did not err when it found that Claimant's untimely appeal was not caused by non-negligent conduct to warrant *nunc pro tunc* relief.

**B. Whether Claimant was misled by a UC Service Center representative.**

"[W]here an administrative body acts negligently, improperly[,] or *in a misleading way*, an appeal *nunc pro tunc* may be warranted." *Hessou*, 942 A.2d at 198 (quoting *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000)) (emphasis added); *see also Flynn v. Unemployment Compensation Board of Review*, 159 A.2d 579, 581 (Pa. Super. 1960)

("[W]here a claimant is unintentionally misled by an official who is authorized to act in the premises, the time may also be extended when it is possible to relieve an innocent party of injury consequent on such misleading act.").

Claimant argues that he was misled by a UC representative who told him that "a late appeal would be accepted under the circumstances." (Claimant's Brief at 7.) As noted, it is Claimant's heavy burden to demonstrate that he was misled by a UC representative. *Hessou*, 942 A.2d at 198.

In *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000 Cmwlth. 2010), this Court rejected a claimant's argument that she was misled by UC officials as to the proper appeal procedure. The claimant had dropped off, but not mailed, her appeal at the local UC Service Center on the last day to appeal and, in support of her argument that she was misled, cited a sign at the office stating:

> *Attention*[:] We do *not* encourage anyone to report in person to this office[.] We are a call center only. However—Since you are here and there are no in-person services . . . [p]lease complete the applicable form(s) and drop it in the box. Please make sure your name & SS are on all pages of any documents you place in the box—this includes pay stubs, W–2s, separation forms etc.

*Id.* at 1001-02. This Court held that the Board correctly found that the claimant was not misled because the claimant was instructed by her determination notice that appeals cannot be filed in person at a UC Service Center but must be mailed. *Id.* at 1004; *see id.* at 1001-02. Additionally, the sign did not mislead the claimant because it did not state that a determination appeal could be made by dropping it off at the office. *Id.* at 1004; *see id.* at 1001-02.

Similar to *Russo*, the Board in this case did not find that Claimant was misled by a UC representative as to the proper appeal procedure. *See* Board's Order, 9/3/2024, at 2. This finding is supported by substantial evidence in the record because

nowhere did Claimant testify that the UC representative informed him that his appeal would be accepted even if he filed it late. That evidence does not appear in the record anywhere. Because Claimant has failed to cite to any evidence in the record to support his contentions, he has failed to meet his heavy burden to demonstrate the right to have an untimely appeal considered.

Therefore, the Board did not err when it denied Claimant *nunc pro tunc* relief on this ground.

## C. Whether Claimant's lack of transportation to appeal in person at a CareerLink office warrants *nunc pro tunc* relief.

Under Rule 1551 of the Pennsylvania Rules of Appellate Procedure, "[o]nly questions raised before the [Board] shall be heard or considered[.]" Pa.R.A.P. 1551(a). The exceptions to this Rule include:

> (1) Questions involving the validity of a statute.
>
> (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) Questions that the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be raised, it shall remand the record to the government unit for further consideration of the additional question.

Pa.R.A.P. 1551(a)(1)-(3). "[U]nless an exception applies, issues not raised before the Board have not been preserved for appellate review and are deemed waived." *Hubbard v. Unemployment Compensation Board of Review*, 252 A.3d 1181, 1186 (Pa. Cmwlth. 2021).

Here, Claimant did not include this issue in his appeal to the Board, and, accordingly, the Board never addressed it. *See* C.R. at 141 (Claimant's "Reason for

Appeal" of Referee's decision); *see also* 158-59 (Board's order).  The issue of a lack of transportation to appeal in person does not implicate any of the exceptions.   It does not challenge the validity of a statue nor the Board's jurisdiction, and it is an issue that Claimant could have raised below by exercising due diligence.

Due to that omission, the Board was unable to consider the issue of a lack of transportation when reviewing Claimant's appeal. Because it was not preserved before the Board for its review, the issue is waived and not reviewable by this Court.

## III.    CONCLUSION

For the aforementioned reasons, we affirm the Board's dismissal of Claimant's untimely appeal.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Zimmerman, : 
           Petitioner : 
            : 
        v. :   No. 1287 C.D. 2024
            : 
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

## ***ORDER***

AND NOW, this 13th day of January, 2026, the September 3, 2024 order of the Unemployment Compensation Board of Review is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge