620 A.2d 645

**Darryl E. BELL, Appellant,**

v.

**ROCKVIEW STATE CORRECTIONAL FACILITY
and Pennsylvania Department of Corrections.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided Jan. 27, 1993.

Allan J. Sagot, for appellant.

Gerhard Schwaibold, Deputy Atty. Gen., for appellee.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Darryl E. Bell (Petitioner) appeals from the trial court's sustaining the preliminary objections of Rockview State Correctional Facility and Pennsylvania Department of Corrections (Respondents) which resulted in the dismissal of Petitioner's action against Respondents.[1] We vacate and remand.

The facts in this case are as follows. Petitioner filed a complaint against Respondents, alleging that on June 19, 1989, he was injured by steam from an "un-isolated steam line." (Certified Record, p. 2a.)[2] Paragraph 8 alleges as follows:

8. The accident was caused exclusively and solely by the negligence of defendants, Rockview and the Pennsylvania Department of Corrections' negligence and recklessness in that:

(a) Defendants caused or permitted an un-isolated steam line to exist at a point where it is posed an unreasonable risk of injury to plaintiff and other inmates;

(b) Defendants failed to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by an un-isolated steampipe;

(c) Defendants failed to give warning of the dangerous condition posed by the un-isolated steampipe, erect barricades, post signs or take any other safety precautions to prevent injury to the plaintiff and other inmates;

(d) Defendants failed to make safe the hazardous condition created by the un-isolated steampipe; and

(e) Defendants violated the statutes of the Commonwealth of Pennsylvania and the United States of America pertaining to maintaining correctional institutions safe for inmates.

Respondents filed preliminary objections limited to (1) a motion to strike subsections 8(b) and 8(c) of the complaint which allegedly failed to state a cause of action under what is called

---

1. By stipulation, the parties dismissed a third respondent, Hugh Rogers, M.D., from the case.

2. The term "un-isolated steam line" remains a mystery to this Court. Neither the pleadings nor counsel at oral argument defined "un-isolated steam line."

the Sovereign Immunity Act;[3] (2) a motion for a more specific pleading; and (3) a motion to strike subsection 8(e) of the complaint as vague and/or conclusory or, in the alternative, a motion for a more specific pleading. Respondents did not file a preliminary objection in the nature of a demurrer to paragraph 8 or any other paragraph in Petitioner's complaint.

The trial judge sustained the preliminary objections and dismissed Petitioner's complaint in its entirety, holding that Petitioner's claims did not fall within the statutory exceptions to sovereign immunity enumerated in 42 Pa.C.S. § 8522.

On appeal to this Court,[4] Petitioner argues that the trial court erred in dismissing the cause of action in its entirety because Respondents had only filed preliminary objections to specific counts in Petitioner's complaint and therefore, other counts in the complaint, not specifically objected to, have not been properly resolved.[5] We agree.

Respondents did not file preliminary objections in the nature of a demurrer. Nowhere in their preliminary objections did Respondents allege that Petitioner's entire cause of action was barred by the Sovereign Immunity Act or that judgment should be granted in their favor. The trial court, on its own motion, treated Respondents' preliminary objections as a demurrer and dismissed Petitioner's action. Our Supreme Court has held that where a demurrer is not raised as a preliminary objection, a trial court may not dismiss a complaint by deciding *sua sponte* that the complaint fails to state a cause of action. *Luitweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974).

3. 42 Pa.C.S. §§ 8521–8528.

4. Our scope of review where a trial court sustains preliminary objections and dismisses a complaint is limited to determining whether the trial court committed an error of law or abused its discretion. *Smith and McMaster, P.C. v. Newtown Borough*, 149 Pa.Commonwealth Ct. 356, 613 A.2d 129 (1992).

5. Petitioner raises two other issues which go to the merits of this case. These issues are (1) whether the defense of immunity from suit must be raised in New Matter and (2) whether the doctrine of sovereign immunity bars the instant action. Because we are vacating the trial court's decision, we need not address those issues.

Accordingly, we vacate and remand the order of the trial court with instructions to grant or deny only those preliminary objections specifically raised by Respondents.

### ORDER

AND NOW, this 27th day of January, 1993, the order of the Court of Common Pleas of Centre County in the above-captioned matter is hereby vacated and remanded with instructions to grant or deny only those preliminary objections specifically raised by Respondents.

Jurisdiction relinquished.