**Frank R. KUSHER and Barbara A. Kusher, Husband and Wife, Appellants**

**v.**

**Robert WOLOSCHUK and Kathy Woloschuk, Husband and Wife; James Excavation, Inc. and Commonwealth of Pennsylvania, Department of Environmental Protection.**

Commonwealth Court of Pennsylvania.

Argued April 13, 2015.

Decided May 14, 2015.

Publication Ordered July 23, 2015.

**342**

Russell J. Heiple, Johnstown, for appellants.

Dennis J. Stofko, Johnstown, for appellees Robert and Kathy Woloschuk.

Michael J. Parrish, Jr., Johnstown, for appellee James Excavation, Inc.

Charney Regenstein, Assistant Counsel, Pittsburgh, for appellee Department of Environmental Protection.

BEFORE: BERNARD L. McGINLEY, Judge, PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge PATRICIA A. McCULLOUGH.

Frank R. Kusher and Barbara A. Kusher (together, the Kushers) appeal from the April 30, 2014 order of the Court of Common Pleas of Cambria County (trial court), which held that the Pennsylvania Department of Environmental Protection (DEP) was an indispensable party and dismissed the Kushers' amended complaint for lack of jurisdiction. The Kushers also appeal from the May 20, 2014 order of the trial court that denied the Kushers' motion to transfer the case to this Court.

The Kushers and Robert Woloschuk and Kathy Woloschuk (together, the Woloschuks) are adjacent landowners. (Reproduced Record (R.R.) at 6a.) DEP issued water obstruction and encroachment permits on October 6, 2010, and November 4, 2010,[1] to Robert Woloschuk, authorizing him to complete stormwater drainage work on the Woloschuks' property and to properly connect the Woloschuks' water drainage pipe to the Kushers' water drainage pipe, including installing a new manhole. (Supplemental Reproduced Record (S.R.R.) at 40b–51b.) James Excavation, Inc. (James Excavation), the Woloschuks' contractor, performed the work. (R.R. at 7a.)

On November 6, 2012, the Kushers filed a complaint in ejectment and trespass against the Woloschuks and James Excavation, alleging that the Kushers never agreed to the work being performed on their property pursuant to DEP's issued permits. The Kushers averred that this work clogged their water drainage pipe, causing a potential flood risk. (R.R. at 5a–8a.) The Kushers sought to have the Woloschuks and James Excavation removed from the property and to "[c]ease any and all activities on their property to include extending a water line and excavating and [d]epositing fill onto their property."

---

1. The permits were issued pursuant to the Dam Safety and Encroachments Act, Act of November 26, 1978, P.L. 1375, *as amended,* 32 P.S. §§ 693.1–693.27; the Flood Plain Management Act, Act of October 4, 1978, P.L. 851, 32 P.S. §§ 679.101–679.601; and the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §§ 691.1–691.1001.

(R.R. at 7a.) The Kushers did not allege any wrongdoing by DEP or name DEP as a party in the complaint. (R.R. at 5a–8a.)

By order dated January 4, 2013, the trial court *sua sponte* issued an order directing the Kushers to join DEP as a party. (S.R.R. at 1b–2b.) On February 22, 2013, the Kushers filed an amended complaint in ejectment and trespass with DEP joined as a party.[2] The amended complaint asserted that the Kushers never agreed to allow the Woloschuks to enter or conduct activity on their property. The Kushers contended that the Woloschuks' project clogged their water drainage pipe and also that the Woloschuks deposited debris onto their property. The Kushers further asserted that DEP ignored their permitting concerns and allowed the Woloschuks and James Excavation to perform work on their property without their permission. The Kushers requested the trial court to issue an order revoking DEP's permits where they allowed entry onto their property, order the Woloschuks and James Excavation to remove the debris deposited on the property and disconnect or remove any improvement on the Kushers' property constructed without their express consent, and require the Woloschuks and James Excavation to unclog the Kushers' water drainage pipe. (R.R. at 10a–15a.)

On September 11, 2013, DEP filed preliminary objections in the nature of a motion to dismiss the case for lack of jurisdiction on the ground that this Court has sole jurisdiction over DEP pursuant to section 761 of the Judicial Code, 42 Pa.C.S. § 761. (S.R.R. at 3b–8b.) In accordance with the motion, the trial court issued an order dated October 14, 2013, dismissing DEP from the action that stated as follows:

> **AND NOW,** on this 14th day of October, after examining [DEP's] Motion to Dismiss for Lack of Jurisdiction and *CRY, Inc. v. Mill Service, Inc.* [536 Pa. 462], 640 A.2d 372 (Pa.1994), the [trial court] **GRANTS** [DEP's] Motion and **DISMISSES** them from the above action.

(S.R.R. at 12b.)

Subsequently, James Excavation filed preliminary objections, which the Woloschuks incorporated into their own filed preliminary objections, seeking to dismiss the amended complaint for failure to join DEP, an indispensable party, and for lack of jurisdiction. (R.R. at 27a–33a, 55a.) The trial court issued an order dated April 30, 2014, which provided as follows:

> **AND NOW,** on this 30th day of April, after examining [the Woloschuks'] Preliminary Objection, [the Kushers'] Response, [James Excavation's] Preliminary Objection and Brief–in–Support, and *CRY, Inc. v. Mill Service, Inc.* [536 Pa. 462], 640 A.2d 372 (Pa.1994), the [trial court] **GRANTS** [the Woloschuks'] and [James Excavation's] Preliminary Objection and **DISMISSES** the [Kushers'] Amended Complaint for [DEP] is an indispensable party and the Com-

---

**2.** The Kushers also filed a motion for special relief in the form of an injunction on the same day. (R.R. at 21a–25a.) The motion sought an order directing the Woloschuks and James Excavation to disconnect the Woloschuks' water drainage pipe from the Kushers' water drainage pipe, unclog the water drainage pipe under the Kushers' property, remove the debris deposited on the Kushers' property that allegedly clogged the pipe, and reconstruct the holding pond to receive the water from the water drainage pipe that previously existed prior to the project. (R.R. at 24a.) The trial court twice directed the Kushers to conduct an inspection to identify the source of the clogged water drainage pipe, but the Kushers failed to do so. (R.R. at 29, ¶¶ 14–17.) Thus, the trial court granted the Woloschuks' and James Excavation's motions to dismiss the motion for special relief but permitted the ejectment and trespass action to continue. (R.R. at 30, ¶ 21.)

monwealth Court has jurisdiction over [it].

(Trial court's April 30, 2014 order.)

The Kushers then filed an exception/motion to correct the trial court's April 30, 2014 order, seeking to have the trial court transfer the case to this Court pursuant to Pa.R.C.P. No. 1032(b). (R.R. at 86a–87a.) By order dated May 20, 2014, the trial court stated in relevant part as follows:

> **AND NOW,** on this 20th day of May, after examining [the Kushers'] Exception/Motion to Correct Order, [the Woloschuks'] Response, [James Excavation's] Response, and Pennsylvania Rule of Civil Procedure ("Pa.R.C.P.") 1032(b) (West 2014), the [trial court] **DENIES** the [Kushers'] Motion.
>
> *     *     *
>
> The [trial court] agrees with the Kushers:
>
> 1. [DEP] is an indispensable party (see its January 4 and October 14, 2013 Orders) and
> 2. The Commonwealth Court is the proper court.
>
> The [trial court] cannot, however, transfer the case to the Commonwealth Court without [DEP] being part of this action and [DEP] is no longer involved. *See* Oct. 14, 2013 Order. Likewise, the [trial court] cannot *sua sponte* join [DEP]. Therefore, the remedy available to the Kushers is to file this action before the Commonwealth [Court]. Accordingly, the [trial court] **DENIES** the [Kushers'] Motion.

(Trial court's May 20, 2014 order.)

The Kushers appealed the trial court's April 30, 2014, and May 20, 2014 orders to Superior Court. Despite DEP's dismissal from the case, the caption still included DEP as a party. (R.R. at 89a.) DEP also filed a motion to dismiss for lack of jurisdiction or in the alternative to quash the appeal or to transfer the appeal to this Court. (S.R.R. at 16b–25b.) DEP filed an application to amend its motion, requesting that Superior Court either dismiss it from the litigation because the trial court had already done so or transfer the matter to this Court should Superior Court deem the issue of whether DEP is an indispensable party appropriate for further judicial review. (S.R.R. at 28a–39a.) Superior Court transferred the appeal to this Court.

DEP filed an unopposed application for relief to dismiss it from the litigation in this Court. On November 12, 2014, this Court issued an order denying DEP's application for relief.

■ On appeal to this Court,[3] the Kushers argue that the trial court erred in determining that (1) DEP is an indispensable party and (2) it lacked jurisdiction.

## Indispensable Party

■■ A court must at least consider the following in order to determine whether a party is indispensable: "(1) Do absent parties have a right or interest related to the claim? (2) If so, what is the nature of that right or interest? (3) Is that right or interest essential to the merits of the issue? and (4) Can justice be afforded without violating the due process rights of absent parties?" *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953, 956 (1981). As the Supreme Court stated in *CRY, Inc.* when it applied the four *Kline* considerations: "It is apparent that the basic inquiry in determin-

---

3. "Our scope of review where a trial court sustains preliminary objections and dismisses a complaint is limited to determining whether the trial court committed an error of law or abused its discretion." *Bell v. Rockview State Correctional Facility,* 153 Pa.Cmwlth. 121, 620 A.2d 645, 647 n. 4 (1993).

ing whether a party is indispensable concerns whether justice can be done in the absence of a third party. . . ." *CRY, Inc.,* 640 A.2d at 375.

■ The Kushers assert that DEP is not an indispensable party because the main relief sought is against the Woloschuks and James Excavation in the ejectment and trespass action, and they argue that the trial court misapplied the criteria discussed in *CRY, Inc.* for determining whether a party is indispensable to this case.

In *CRY, Inc.,* residents filed a complaint against the owner of a hazardous waste treatment plant, asserting that operation of the plant caused continuous harm to the town residents. The plant owner filed preliminary objections, and the common pleas court directed the residents to file an amended complaint joining DEP[4] as an indispensable party, which the residents did. In ruling on the plant owner's preliminary objections, the common pleas court determined that DEP was an indispensable party because DEP was necessary to some of the relief requested and that DEP would be prejudiced by not being a party to the litigation. This Court reversed the common pleas court, holding that DEP was not an indispensable party because the common pleas court could have afforded the residents relief without DEP's involvement.

On appeal, the Supreme Court addressed the proper test for determining whether a party is indispensable. The Supreme Court noted that "the basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of a third party, and further, that this issue can be formu-

lated in several different ways." *CRY, Inc.,* 640 A.2d at 375. The Supreme Court determined that the appropriate formulation is the four-part analysis used by the Supreme Court in *Kline.* The Supreme Court first noted that the residents alleged that DEP engaged in "misfeasance and malfeasance" and that DEP acknowledged that it would be involved in at least part of the requests for relief: "the demand that [DEP] forbear from issuing further permits and that a natural resources trustee be appointed." *Id.* at 376.

The Supreme Court then applied the four considerations identified in *Kline* and determined that: (1) DEP had an interest in the litigation because it is the agency tasked with regulating harmful pollution; (2) DEP's regulatory activity and authority could be affected by the outcome; (3) DEP's interests were essential because its regulatory activity could be affected by an adjudication of the matter and compliance with such an adjudication would require cooperation from DEP; and (4) justice could not be afforded without DEP as a party because DEP may withhold permits or commence further litigation. The Supreme Court noted that DEP stated it would not cooperate with carrying out an order of the court that it perceived usurped its authority. Accordingly, the Supreme Court concluded in *CRY, Inc.* that DEP was an indispensable party.

This case is distinguishable from *CRY, Inc.* Contrary to DEP's position in *CRY, Inc.,* DEP has consistently argued in this case that it does not have any interest in the litigation because the Kushers are not seeking relief from DEP and justice can be afforded without DEP's participation. The Kushers' action is limited to the ejectment and trespass claims against the Wolos-

---

4. At the time that *CRY, Inc.* was decided, DEP was then the Department of Environmental Resources.

chuks and James Excavation. Unlike the situation in *CRY, Inc.*, the Kushers merely seek to have the Woloschuks and James Excavation removed from their property, as well as have the Woloschuks and James Excavation remove the debris that was deposited on the property and unclog the Kushers' water drainage pipe that both allegedly occurred as a result of the Woloschuks' project. As DEP correctly argues, because the Kushers have asserted ejectment and trespass claims that do not necessitate DEP's participation, DEP is not an indispensable party to this litigation.

Further, applying the four *Kline* considerations produces a different result than reached by the Supreme Court in *CRY, Inc.*, as DEP does not meet any of the criteria to be considered an indispensable party. DEP does not have a significant interest in the litigation. The Woloschuks' project was completed pursuant to DEP's issued permits. However, both permits contain the language that each permit "does [not] authorize any injury to private property or invasion of private rights[,]" "[t]he grading between the enclosures shall be done in a manner that allows the water to flow unimpeded from the upstream enclosure without accumulation or back-up[,]" and "[a]ll construction debris, excavated material, brush, rocks, and refuse incidental to this work shall be removed entirely from the stream channel and placed either on shore above the influence of flood waters, or at such dumping ground as may be approved by [DEP.]" (S.R.R. at 41b, 44b, 47b, 50b.) It is apparent from the permits' language that DEP did not authorize any trespass on the Kushers' property and did not confer any private property rights to the Woloschuks. DEP specifically disclaimed such injuries as are now asserted by the Kushers against the Woloschuks and James Excavation.

DEP's regulatory authority will not be affected by an adjudication in this case. As the Kushers contend, the main relief they seek is to have the Woloschuks and James Excavation, and the debris that they deposited on their property, removed from their property. The Kushers only sought relief against DEP after the trial court ordered them to join DEP as a party. Further, DEP's interest is not essential, because an adjudication regarding the ejectment and trespass action would not require any cooperation from DEP. The ejectment and trespass action is one between private parties.

Justice can also be afforded without the presence of DEP because, as the Kushers acknowledge, they are not challenging the issuance of DEP's permits, and the 30–day appeal period has expired. Section 24(a) of the Dam Safety and Encroachments Act, 32 P.S. § 693.24(a); Section 503(b) of the Flood Plain Management Act, 32 P.S. § 679.503(b); 25 Pa.Code § 1021.52. "The failure to timely appeal a [DEP] action or adjudication to the [Environmental Hearing Board] is a jurisdictional defect." *Falcon Oil Company, Inc. v. Department of Environmental Resources*, 148 Pa.Cmwlth. 90, 609 A.2d 876, 878 (1992).

It is undisputed that the Kushers have not filed a timely appeal with the Environmental Hearing Board, and any challenge to the issuance of DEP's permits to the Woloschuks for completion of the stormwater project would constitute an impermissible collateral attack. *Department of Environmental Protection v. Peters Township Sanitary Authority*, 767 A.2d 601, 603 (Pa.Cmwlth.2001) ("The doctrine of administrative finality precludes a collateral attack of an administrative action where the party aggrieved by that action foregoes his statutory appeal remedy."). Thus, the

Kushers are precluded from bringing any challenge against the issuance of DEP's permits. Although the Kushers requested that DEP's permits be revoked in their amended complaint, they have also abandoned this argument on appeal. Therefore, the dispute is between the Kushers, the Woloschuks, and James Excavation, and justice can be afforded without the presence of DEP. *CRY, Inc.*

### Jurisdiction

The Kushers next argue that, because DEP is not an indispensable party, the trial court erred in dismissing their amended complaint because the trial court had jurisdiction. Pursuant to section 761(a)(1) of the Judicial Code, this Court shall have original jurisdiction over all actions "[a]gainst the Commonwealth government, including any officer thereof...." 42 Pa.C.S. § 761(a)(1). Because we have concluded that the trial court erred in determining that DEP is an indispensable party, this Court does not have original jurisdiction over this case without DEP's participation. Thus, the trial court erred in dismissing the case for lack of jurisdiction.

### Conclusion

Accordingly, we vacate the trial court's April 30, 2014, and May 20, 2014 orders, and remand the matter to the trial court to decide the Kushers' complaint in ejectment and trespass against the Woloschuks and James Excavation. Any issues concerning DEP's issuance of the permits to the Woloschuks are precluded, as the appeal period has expired for such challenges. *Peters Township.*

### *ORDER*

AND NOW, this 14th day of May, 2015, the April 30, 2014, and the May 20, 2014 orders of the Court of Common Pleas of Cambria County (trial court) are vacated and this case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.