IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,              :
         Appellant       :
                         :
       v.                :
                         :
                         :   No. 1016 C.D. 2019
Honorable Francis T. Chardo, III    :   Submitted: May 22, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: July 17, 2020


Glue Wilkins (Wilkins) appeals pro se from the Dauphin County Common Pleas Court's (trial court) June 20, 2019 order sustaining Dauphin County District Attorney Honorable Francis T. Chardo, III's (DA Chardo) preliminary objections (Preliminary Objections) to Wilkins' complaint against DA Chardo (Complaint), and dismissing the Complaint with prejudice. Wilkins presents four issues for this Court's review: (1) whether the trial court lacked subject matter jurisdiction; (2) whether the trial judge was in contempt of court; (3) whether, pursuant to the coordinate jurisdiction doctrine, the trial court lacked authority to deny Wilkins' post-conviction collateral relief; and (4) whether the trial judge engaged in fraud, conspiracy and collusion with the judges, district attorney, and row officers of the 12th Judicial District (Dauphin County) by tampering with public records and securing execution of documents by deception. After review, we affirm.

On November 8, 2018, Wilkins filed the Complaint containing five counts: (1) obstructing administration of law or other government function, official

oppression and conspiracy; (2) fraud, obstructing administration of law or other government function, official oppression and conspiracy; (3) fraud, obstructing administration of law or other government function, official oppression and conspiracy; (4) fraud, obstructing administration of law or other government function, official oppression and conspiracy;[1] and (5) contempt not in the presence of the court, fraud, obstructing administration of law or other government function, official oppression and conspiracy. *See* Complaint at 3, 4, 5, 6. Wilkins seeks to have the trial court "transfer the matter to Criminal Court." Complaint at 6 (Wherefore Clause).

On February 5, 2019, DA Chardo filed the Preliminary Objections asserting, *inter alia*: Wilkins failed to set forth a sufficient claim for relief as required by Pennsylvania Rule of Civil Procedure No. (Rule) 1028; Wilkins did not serve the Complaint on DA Chardo; and the action is barred by the statute of limitations and res judicata. On June 20, 2019, the trial court sustained the Preliminary Objections and dismissed the Complaint with prejudice. On October 31, 2019, the trial court filed its opinion, stating that the Complaint is another attempt to collaterally attack Wilkins' 2003 attempted homicide conviction and that the Complaint violates numerous Rules, i.e., Rule 400(a) (proper service); Rule 1018.1 (notice to defend); Rule 1019(a) and (h) (material facts stated in a concise and summary form/agreements); and Rule 1021 (Claim for Relief).[2] Wilkins appealed to this Court.[3]

---

[1] Counts II, III and IV share identical headings.

[2] The trial court stated: "Th[e] Complaint is a rambling flow of consciousness including copies of portions of previous decisions, newspaper articles, and medical records." Trial Ct. Op. at 1. Indeed, there are no numbered paragraphs averring facts in a chronological order supporting Wilkins' claims.

[3] "Our scope of review where a trial court sustains preliminary objections and dismisses a complaint is limited to determining whether the trial court committed an error of law or abused its discretion." *Kusher v. Woloschuk*, 123 A.3d 341, 344 n.3 (Pa. Cmwlth. 2015) (quoting *Bell v. Rockview State Corr. Facility*, 620 A.2d 645, 647 n.4 (Pa. Cmwlth. 1993)).

**Discussion**

Wilkins argues that the trial court lacked subject matter jurisdiction to rule on the Preliminary Objections because it did not comply with the Pennsylvania Superior Court's order to conduct an evidentiary hearing. However, since the Complaint was filed in the trial court and DA Chardo was permitted by the Rules to file the Preliminary Objections thereto, *see* Pa.R.C.P. No. 1028, the trial court had jurisdiction to rule on the Preliminary Objections.

Wilkins also asserts that the trial judge is in direct contempt of court because he failed in his judicial duty to comply with the Pennsylvania Superior Court's order to conduct an evidentiary hearing and failed to draft an opinion addressing Wilkins' claims. Wilkins' argument concerns the merits of the Complaint instead of the Preliminary Objections thereto. Because only the trial court's ruling on the Preliminary Objections is before this Court, this Court cannot address Wilkins' argument which concerns the merits of his Complaint.

Wilkins further contends that, pursuant to the coordinate jurisdiction doctrine, the trial court lacked authority to deny post-conviction collateral relief where the trial court's January 24, 2014 order granted Wilkins' post-conviction collateral relief in the same jurisdiction. Here, the trial court did not deny Wilkins' post-conviction collateral relief. Rather, the trial court sustained the Preliminary Objections to Wilkins' Complaint. As this issue does not pertain to the Preliminary Objections, it is not properly before this Court.

Finally, Wilkins insists that the trial judge engaged in fraud, conspiracy and collusion with the judges, district attorney, and row officers of the 12th Judicial District (Dauphin County) by tampering with public records and securing execution of documents by deception. However, because the only issue before this Court is the trial court's ruling on the Preliminary Objections, and this claim clearly does not pertain thereto, this argument also fails.

**Conclusion**

Because the trial court had jurisdiction to rule on the Preliminary Objections and Wilkins' additional issues do not pertain thereto, this Court affirms the trial court's order sustaining the Preliminary Objections and dismissing the Complaint with prejudice.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,        :
     Appellant     :
               :
    v.        :
               :
           :  No. 1016 C.D. 2019
Honorable Francis T. Chardo, III  :

O R D E R

AND NOW, this 17th day of July, 2020, the Dauphin County Common Pleas Court's June 20, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge