IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Wright,                              :
                                           :
                Appellant                  :
                                           :
           v.                              : 669 C.D. 2023
                                           : Submitted: May 7, 2024
John E. Wetzel, Patrick Curran,            :
John A. Doe, John B. Doe,                  :
John C. Doe, John D. Doe,                  :
Tammy Ferguson, and Pennsylvania           :
Department of Corrections                  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  October 21, 2024


          Andre Wright, proceeding *pro se*, (Inmate) appeals from the order of the Montgomery County Court of Common Pleas (trial court) that sustained the preliminary objections (POs) in the nature of a demurrer filed by John Wetzel, Tammy Ferguson, John A. Doe, John B. Doe, John C. Doe, John D. Doe, and the Department of Corrections (together, Defendants) and dismissed Inmate's complaint (Complaint) for failure to state a claim.  Inmate raises five questions for our review, which may be combined and restated as follows:  whether the trial court abused its discretion by not liberally interpreting Inmate's Complaint; and, whether the trial

court abused its discretion by sustaining the Defendants' POs and dismissing Inmate's Complaint for failure to state a claim.[1]  After careful review, we affirm.

Inmate is currently incarcerated at the State Correctional Institution at Phoenix (SCI-Phoenix), and filed a Complaint regarding alleged damage to and loss of his personal property by Department of Corrections (Department) staff during the transfer of inmates from the SCI at Graterford (SCI-Graterford) to SCI-Phoenix.[2] Specifically, Inmate pled a negligence cause of action against the Department, John Wetzel, Secretary of Corrections (Wetzel), Tammy Ferguson, Superintendent of SCI-Phoenix (Ferguson), and four unnamed individuals, alleged to be Department employees and members of the Correctional Emergency Response Team (CERT).

---

[1] Inmate questioned whether the trial court abused its discretion in failing to liberally interpret his Complaint, which is presented in the first issue.  Inmate also sought review of whether his property was in Defendants' custody, whether the Defendants were personally involved in "the negligence" of his personal property, and whether the trial court abused its discretion by sustaining Defendants' POs, which are encompassed within the second issue.  Inmate also questioned whether the trial court erred in denying judgment on the pleadings in his favor.  Inmate did not seek judgment on the pleadings before the trial court, so we need not address that issue further.  *See* Appellant's Brief at 4; Original Record (O.R.) at 1-4.  Because the Original Record was filed electronically and was not paginated, the page numbers referenced reflect electronic pagination.

[2] On July 15, 2020, Inmate filed his original complaint with the trial court, and on August 13, 2020, he filed his first amended complaint, to which Defendants filed POs.  In response, Inmate filed his second amended complaint, to which Defendants again filed POs.  On August 8, 2022, the trial court sustained Defendants' POs in the nature of a demurrer for lack of Defendants' personal involvement.  In doing so, the trial court allowed Inmate to file a third amended complaint, to which Defendants again filed POs.  The third amended complaint is the operative Complaint here, and the POs filed to the Complaint are the operative POs.  O.R. at 415-32, 433-59; Trial Court Opinion, July 11, 2023, at 2.  The Trial Court Opinion, July 11, 2023, is attached to Appellant's Brief.  In its opinion, the trial court reaffirmed its order entered on January 4, 2023, and opinion entered on March 24, 2023.  Unless indicated otherwise, the pages cited refer to the trial court's opinion, totaling four pages, attached to, and made part of the Trial Court Opinion. We further note that in his second amended complaint, Inmate sought to dismiss James Curran as a Defendant and omitted James Curran from the Complaint, so there were no claims against Mr. Curran presented to the trial court.  O.R. at 257-58, 417.

Inmate alleged that Defendants failed to properly inventory and care for his property during the transfer of inmates to SCI-Phoenix, in violation of the Department Code of Ethics and Department policy DC-ADM-815 governing inmate property and, as a result, certain items of his personal property were ultimately lost.[3] Inmate filed grievances over his lost and damaged property, and, as a result, he received reimbursement for some of his missing or damaged items. Inmate alleged that the following items of personal property for which he was not reimbursed through the grievance process were missing due to Defendants' negligence: one pair of Burberry eyeglasses; one criminal procedure handbook; photographs of his family and friends; photographs of his mother's funeral and a copy of her obituary; a copy of Inmate's pre-sentence evaluation report; a receipt regarding Inmate's burial plot; and one Arabic-English vocabulary book.[4] Inmate sought judgment against Defendants for the value of the missing property in the amount of $2,500, damages in the amount

---

[3] Although Inmate attached a partial copy of Department policy DC-ADM-815 governing inmate property to earlier versions of his complaint, he did not attach the policy to the Complaint. O.R. at 110-11, 141, 415-32. Inmate did not include a copy of the Department's Code of Ethics with earlier versions of his complaint or with the Complaint. However, Defendants do not dispute the existence of the Department's Code of Ethics or of policy DC-ADM-815 governing inmate property.

[4] Although Inmate attached the relevant grievance forms to earlier versions of his complaint, he did not attach the relevant grievance forms to the Complaint. However, the parties do not dispute that Inmate received reimbursement for some of his missing or damaged property in the amount of $121.01, and that Inmate exhausted his administrative remedies through the grievance process. O.R. at 134, 423-24, 437. The chief grievance officer declined to reimburse Inmate for the Burberry eyeglasses because Inmate had no documentation to show that he possessed the eyeglasses. The chief grievance officer provided Inmate with information to assist in replacing his pre-sentence report and burial plot information, noting that he may be eligible for reimbursement for costs to secure the replacement documents. The chief grievance officer also noted that Inmate had already been reimbursed for the loss of his photographs and his books. O.R. at 134.

3

of $2,500 from each of the unnamed CERT employees, and compensatory damages for pain and suffering in the amount of $10,000. O.R. at 417-23, 425-27.

Upon review, the trial court agreed with Defendants that Inmate "failed to establish and effectively assert that [defendants] Wetzel and Ferguson were personally involved in the alleged misplacement of [Inmate's] property." Trial Ct. Op. at 2. In its analysis, the trial court opined that a complaint, at its most fundamental level, must "apprise the defendant of the claim being asserted as well as summarizing the essential facts to support the claim," citing in support *McShea v. City of Philadelphia*, 995 A.2d 334, 339 (Pa. 2010). Trial Ct. Op. at 2-3. The trial court further stated that an individual employee may not be held vicariously liable for actions of a subordinate merely because the subordinate is in the employee's chain of command, citing in support *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978). Trial Ct. Op. at 3. The trial court further explained that an inmate fails to state a sufficient cause of action when the inmate does not allege that defendants had any personal involvement in "securing his personal property when he was transferred . . . [or that the] defendants handled or inspected his belongings," citing in support *Owens v. Department of Corrections* (Pa. Cmwlth., No. 2624 C.D. 2015, filed September 23, 2016). Trial Ct. Op. at 3. The trial court further explained that there is no "cause of action for improper investigation or handling of an inmate grievance," again citing *Owens* in support. Trial Ct. Op. at 3. The trial court further opined that allegations that a prison official failed to follow certain Department policies cannot generally support a claim for relief because administrative policies do not necessarily "create any enforceable rights in a Pennsylvania state prison inmate," citing in support *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Trial Ct. Op. at 3-4.

4

Within this legal framework, the trial court held as follows:

> Upon review of the instant case, [Inmate] has failed to assert facts to support a negligence cause of action against any of the [Defendants] in this matter. Specifically, [Inmate] has not sufficiently alleged that [Defendants] Wetzel or Ferguson, were individually involved, in some capacity, in securing, handling, or inspecting his personal property. Further, the allegations that [Wetzel or Ferguson] are responsible for their subordinates' failure to follow certain [] Department [] policies [are] inadequate to allow [Inmate] to prevail on his claim.

Trial Ct. Op. at 4. The trial court sustained Defendants' POs and dismissed Inmate's Complaint. Inmate timely appealed the trial court's decision to the Superior Court, which transferred Inmate's appeal to this Court.[5] Inmate's appeal is now before us.[6]

The following legal framework will assist in our analysis. Pennsylvania is a fact-pleading jurisdiction. Therefore, a pleading must not only apprise the opposing party of the asserted claim, "it must also formulate the issues by summarizing those facts essential to support the claim." *Richardson v. Wetzel*, 74 A.3d 353, 356–57 (Pa. Cmwlth. 2013) (quoting *Sevin v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992)).

In order to maintain an action for negligence, a plaintiff must prove: (1) the defendant had a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011). Thus, in order for Inmate to establish a cause of action for

---

[5] By Order entered May 22, 2023, this appeal was transferred from Superior Court to our Court.

[6] Where a trial court sustains preliminary objections and dismisses a complaint our review is limited to determining whether the trial court committed an error of law or abused its discretion. *Kusher v. Woloschuk*, 123 A.3d 341, 344 n.3 (Pa. Cmwlth. 2015).

negligence, his Complaint must allege that Defendants owed him a duty of care, they breached the duty, the breach resulted in Inmate's injury, and he suffered an actual loss or damage.

Pa.R.Civ.P. 1028(a)(4) permits preliminary objections to be filed for "legal insufficiency of a pleading (demurrer)." We will affirm a trial court's order sustaining POs and dismissing a complaint only in cases that are clear and free from doubt that the law will not permit recovery by the appellant. In ruling on POs in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the complaint and all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992) (internal citations omitted).

In the first issue, Inmate argues that the trial court abused its discretion by essentially misinterpreting his Complaint. Inmate argues that Wetzel and Ferguson were personally involved in the transfer of inmates to SCI-Phoenix, alleging that during the transfer they failed to properly supervise the unnamed CERT employees, resulting in the loss of his property. Inmate argues that these facts should be sufficient to demonstrate the personal involvement of Wetzel and Ferguson.

As to the first issue, Defendants respond that Inmate failed to plead personal involvement by Wetzel or Ferguson in his Complaint, because he failed to allege that either named individual was personally involved in packing, moving, or conducting an inventory of his property. Defendants argue that comments allegedly

6

made by Wetzel and Ferguson in preparation for the transfer are not actionable and further demonstrate their supervisory roles.

As to the second issue, Inmate argues that Defendants failed to follow the Department's Code of Ethics that requires Department employees to handle inmates' personal property with "extreme care," and to dispose of property in a manner designated by Department policy. Inmate further argues that Defendants failed to inventory his personal property in his presence, in violation of Department policy DC-ADM-815 governing inmate property, resulting in the loss of his property. Inmate argues that his negligence suit should not be barred by a claim of sovereign immunity, citing in support *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007), for the holding that the personal property exception to sovereign immunity may provide a remedy for inmates when a prison official negligently handles an inmate's property.[7] Further, although Inmate acknowledged that he participated in and exhausted his remedies in the grievance process, he continues to argue that the grievance process failed to compensate him for all the property he alleged was lost by Defendants during the transfer.

As to the second issue, Defendants respond that Wetzel and Ferguson may not be held liable for the actions of the unnamed CERT employees merely because they are under Wetzel's or Ferguson's chain of command, citing in support *DuBree*. Defendants further respond that neither Wetzel, Ferguson, nor the unnamed CERT employees may be held responsible for injuries resulting from alleged failures

---

[7] Sections 8521 through 8523 of the Judicial Code, commonly referred to as the Sovereign Immunity Act, 42 Pa. C.S. §§8521-8523. Section 8522(b)(3) of the Sovereign Immunity Act provides in relevant part that "the defense of sovereign immunity shall not be raised to claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency . . . ." 42 Pa. C.S. §8522(b)(3).

to follow Department policies under *Shore*. Defendants further respond that the court lacks jurisdiction over the resolution of Department grievances under *Shore* and other case law.

After careful review of the Complaint, accepting as true all well-pleaded allegations and reasonable inferences therefrom, we discern no error or abuse of discretion by the trial court and conclude that Inmate failed to state a negligence claim because he did not allege sufficient personal involvement by Wetzel or Ferguson in the actions resulting in the loss of his personal property during the transfer. Under Pennsylvania law, *pro se* litigants are subject to the same rules of procedure as are represented litigants. *Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa. 2006). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). The law is clear that *pro se* litigants who choose to litigate in state court must adhere to Pennsylvania's "fact-pleading system of jurisprudence." *Cimaszewski v. Board of Probation and Parole*, 868 A.2d 416, 422 (Pa. 2005). *See also Price v. Simcox* (Pa. Cmwlth., No. 307 C.D. 2017, filed September 28, 2017);[8] *Martin v. Clark* (Pa. Cmwlth., No. 74 C.D. 2018, filed July 27, 2018); and *Scott v. Pa. DOC* (Pa. Cmwlth., No. 76 M.D. 2021, filed November 4, 2022) (all holding that a complaint was properly dismissed for failing to state a negligence claim when the complaint was devoid of allegations that the named individuals were personally involved in an inmate's loss of personal property). We

---

[8] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

8

also note that the trial court permitted Inmate to amend his original complaint three times, and the Complaint still failed to allege the facts necessary to maintain a negligence claim.

As to the second issue, we conclude that the trial court did not err or abuse its discretion when it sustained the POs and dismissed the Complaint for Inmate's failure to state a claim for relief based on the actions of Wetzel, Ferguson, or the four unnamed CERT employees. To the extent Inmate seeks to hold Wetzel or Ferguson responsible for the negligent handling of his property by the four unnamed CERT employees, our Supreme Court has held that "[c]onsistent with the interest in unimpaired decision making, we believe it appropriate to protect from the possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility." *DuBree*, 393 A.2d at 295. *See also Mercaldo v. Kauffman* (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016) (dismissing complaint against defendants not alleged to have personal responsibility or involvement in inmate's loss of property).

We must also reject Inmate's argument that Wetzel, Ferguson, or the four unnamed CERT employees were responsible for the loss of his property based on their alleged failures to follow Department policies. This issue is governed by *Shore*, in which our Court explained that

> [i]n general, allegations that the Department failed to follow its regulations or internal policies cannot support a claim based on a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014); *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998).

9

*Shore*, 168 A.3d at 386. Further, to the extent that Inmate argues that the grievance process failed to compensate him for all the property he alleged was lost by Defendants during the transfer, we must reject that argument. Our Court has repeatedly held that the inmate grievance system is a constitutionally sufficient remedy "with respect to inmates' claims that the Department unlawfully withheld and/or confiscated property." *Id.* at 383. This Court lacks jurisdiction to review either the factual findings or the legal conclusions of the Department's chief grievance officer. Resolving grievances is an internal function of the Department, not subject to our review. "Moreover, this is true whether the review is sought as an appeal or in this Court's original jurisdiction." *Hammond v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 265 M.D. 2017, filed February 14, 2018), slip op. at 6-7 (internal citations omitted).

Further, to the extent that Inmate argues that Wetzel's or Ferguson's personal involvement should be inferred from their knowledge of his grievances, we also reject that argument. In *Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010), our Court held that we could not infer that a prison superintendent had actual knowledge of an inmate's retaliation claim merely by reviewing the inmate's grievances filed after the alleged deprivations occurred. *See also Price*, slip op. at 8 (inmate's claims that two prison officials were responsible for the confiscation of his property based on their involvement in the grievance procedure after the fact does not establish their personal involvement).

Finally, Inmate's reliance on *Williams* to support his arguments is misplaced. Although Inmate correctly argues that sovereign immunity is not a bar to claims that a "prison official negligently handle[d] an inmate's personal property," *Williams*, 917 A.2d at 918, that defense applies only when, in the first instance, the

10

complaint alleges sufficient facts to satisfy the elements of a negligence claim. Here, the Complaint lacked sufficient facts to establish that Wetzel or Ferguson were personally involved in the actions resulting in the loss of Inmate's property.

Accordingly, we affirm the trial court's order.

_____

MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Wright,                              :
                                           :
                    Appellant              :
                                           :
          v.                               : 669 C.D. 2023
                                           :
John E. Wetzel, Patrick Curran,            :
John A. Doe, John B. Doe,                  :
John C. Doe, John D. Doe,                  :
Tammy Ferguson, and Pennsylvania           :
Department of Corrections                  :


**O R D E R**


AND NOW, this 21st day of October, 2024, the order of the Montgomery County Court of Common Pleas dated January 4, 2023, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Wright,                        :
          Appellant              :
                                :
          v.                        :   No. 669 C.D. 2023
                                :
John E. Wetzel, Patrick Curran,      :   Submitted: May 7, 2024
John A. Doe, John B. Doe,            :
John C. Doe, John D. Doe,            :
Tammy Ferguson, and Pennsylvania     :
Department of Corrections            :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

CONCURRING AND DISSENTING OPINION
BY JUDGE McCULLOUGH                  FILED: October 21, 2024

        While I agree with the Majority in all other respects, I write separately because it did not address Andre Wright's (Inmate) claim averring that the four unnamed Correctional Emergency Response Team (CERT) employees lost and damaged his personal property during his prison transfer. While the Majority did dispose of Inmate's negligence claim concerning named defendants, I must respectfully dissent in part because I believe that Inmate has sufficiently pled his negligence claim as to the CERT employees. I would therefore remand this case to the Court of Common Pleas of Montgomery County (trial court) for further proceedings.

        This Court's decision in *Owens v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 2624 C.D. 2015, filed September 23, 2016)

(unreported),[1] is instructive. In *Owens*, we addressed an inmate's claim for loss of personal property during a prison transfer while his items were in the custody of Department of Corrections (DOC) employees. In filing his *pro se* complaint, the inmate alleged: "DOC employees secured [my] cell and packed [my] belongings when [I] was transferred [and my] boots were lost after defendants undertook this responsibility for care of [my] personal property." *Owens,* slip op. 4. In evaluating the viability of the inmate's negligence claim, this Court determined that his "allegations are sufficient to state a cause of action against defendants [], and defendant DOC as their employer, for damages caused by negligence in the care, custody or control of personal property that is not barred by sovereign immunity." *Id.*

Similarly here, Inmate avers CERT employees took custody of his personal belongings during his prison transfer and when he later retrieved these items from prison officials, "much of [his] property was missing, vandalized and damaged. They poured coffee over my clothes, mustard inside the crouch [sic] of [his] underwear, an opened sausage with juice poured over [his] clothes and oatmeal poured everywhere inside the boxes." (Inmate's Third Amended Complaint ¶ 39.) I believe that these facts, as pled by Inmate, virtually mirror those pled in *Owens* and are sufficient to meet the threshold of asserting a viable negligence claim. Accordingly, liberally construing the allegations contained in Inmate's complaint,[2] I would reverse the trial court's order insofar as it dismissed his negligence claim

---

[1] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority. 210 Pa. Code § 69.414(a).

[2] *See Kozicki v. Unemployment Compensation Board of Review*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (courts may liberally construe materials filed by *pro se* litigants to address issues fairly conveyed in pleading).

against the four unnamed CERT employees and the DOC and remand this matter for further proceedings.

_____
PATRICIA A. McCULLOUGH, Judge